UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNIVERSITY SPINE CENTER, | Civil Action No.: 2:17-cv-13620 |
| --- | --- |
| Plaintiff, | |
| v. | OPINION |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, | |
| Defendant. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

This matter comes before the Court on the motion of Defendant Cigna Health and Life Insurance Company ("Defendant") to dismiss Plaintiff University Spine Center's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 8). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. P. 78(b), no oral argument was heard. For the reasons that follow, Defendant's motion to dismiss is granted.

## II. BACKGROUND

On May 5, 2014, Plaintiff performed "anterior spinal fusion via a lateral approach interbody type L3-L4 and L4-L5, application of intravertebral biomechanical devices at L3-L4 and L4-L5, revision posterior spinal fusion at T12-S1, posterior spinal instrumentation for deformity T12-S1, right sacroiliac instrumentation and iliac bolt fixation, removal of deep spinal instrumentation Harrington rod, posterior spinal bone grafting, and other related procedures" on Chere R., ("Patient"), who is insured by Defendant. (ECF No. 1 ¶¶ 3-6). "Patient transferred all of her rights to benefit payments under her insurance plan, as well as all of her related rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), to Plaintiff . . . . enabl[ing Plaintiff] to bring this action by virtue of the assignment." (*Id.* ¶¶ 7-8). "Plaintiff

prepared Health Insurance Claim Forms . . . formally demanding reimbursement in the amount of $565,376.00 from Defendant[.]" (*Id.* ¶ 9). "Defendant, however, only allowed reimbursement totaling $24,801.31[.]" (*Id.* ¶ 10). Plaintiff maintains that it has "exhausted the applicable administrative appeals process" and requested documents from Defendant, but "Defendant failed to remit additional payment" or "produce the requested documents[.]" (*Id.* ¶¶ 13-15).

On December 27, 2017, Plaintiff filed a complaint against Defendant alleging: (1) failure to make all payments pursuant to a member's plan under ERISA, 29 U.S.C. § 1132(a)(1)(B); and (2) breach of fiduciary duty under ERISA, 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a). (*Id.* ¶¶ 19-36). Plaintiff purports that it has been underpaid in the amount of $318,328.29, which allegedly "[t]ak[es] into account any known deductions, copayments, coinsurance, and assistant surgical reduction[.]" (*Id.* ¶ 17). On March 13, 2018, Defendant filed a motion to dismiss, which is now before the Court. (ECF No. 8).

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' . . . 'will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted).

## IV. DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted under ERISA. "To bring a claim under ERISA, a plaintiff must allege how the plan it is suing under was violated." *IGEA Brain & Spine, P.A. v. Cigna Health & Life Ins. Co.*, No. 17-13726, 2018 WL 2427125, at *2 (D.N.J. May 29, 2018) (citing 29 U.S.C. § 1132(a)). "Under that section of ERISA, 'a participant or beneficiary' may bring a civil action to, inter alia, 'recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.'" *Id.* (quoting 29 U.S.C. § 1132(a)). "Reading the ERISA standard in harmony with the above *Twombly/Iqbal* pleading requirements, it is apparent that a plaintiff asserting an ERISA claim must clearly articulate why he believes recovery in his favor is appropriate." *Id.*

Here, the Court finds that Plaintiff has not met the aforementioned standard. Plaintiff alleges in its complaint that it provided medical services to Patient, a member of one of Defendant's healthcare plans or policies. (ECF No. 1 ¶¶ 5-7). Plaintiff also asserts that although it formally demanded reimbursement in the amount of $565,376.00, it was reimbursed only in the amount of $24,801.31. (*Id.* ¶¶ 9-10). Plaintiff does not provide any further allegations with respect to why it is entitled to additional compensation. That is, "Plaintiff has failed to alleged *why* it is entitled to further reimbursement under Defendant's plan, and . . . does not attempt to explain same in its Opposition. [Therefore], Plaintiff's ERISA-based claims must be dismissed since its [c]omplaint fails to establish 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *IGEA Brain & Spine, P.A.*, 2018 WL 2427125, at *2 (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,

789 (3d Cir. 2016)); *see also Complete Foot & Ankle v. Cigna Health & Life Ins. Co.*, No. 17-13742, 2018 WL 2234653, at *2 (D.N.J. May 16, 2018) (dismissing plaintiff's ERISA claims under Federal Rule of Civil Procedure 12(b)(6) in part because plaintiff did "not identify . . . the terms of the assignments of benefits executed by the patients, or the terms of the Plans under which Plaintiff s[ought] payment" and holding that "[w]ithout this information, the Complaint contain[ed] little more than an assertion that Plaintiff [wa]s owed more than it was paid for the services it provided," which was "insufficient under Rule 8"); *Univ. Spine Cent. v. Cigna Health & Life Ins. Co.*, No. 17-8036, 2018 WL 3814279, at *3 (D.N.J. Aug. 10, 2018) (holding that plaintiff's ERISA claim was "not plausibly pled because it fail[ed] to allege that any provision of [the patient's] plan was violated").[1] The Court will dismiss Plaintiff's complaint without prejudice and will grant Plaintiff thirty (30) days in which to file an amended complaint. Plaintiff's amended complaint shall address the pleading deficiencies identified herein, including by specifically identifying why Plaintiff believes it is due further compensation for its services provided to Patient under Patient's health plan or policy.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. To the extent the pleading deficiencies identified by the Court can be cured by way of amendment, Plaintiff is granted thirty (30) days to file an amended pleading. An appropriate Order accompanies this Opinion.

DATED: October 2, 2018

Claire C. Cecchi, U.S.D.J.

---

[1] Although Plaintiff contends that Defendant refuses to provide Plaintiff with a copy of Patient's health insurance plan or policy, "Plaintiff, as an alleged assignee, steps into the beneficiar[y's] shoes, who at all times had access to the Plan[]." *Complete Foot & Ankle*, 2018 WL 2234653, at *2 n.3. Moreover, "Plaintiff has not demonstrated why it cannot get a copy [of the plan or policy] from the plan administrator." *Univ. Spine Cent.*, 2018 WL 3814279, at *3. Accordingly, the Court finds Plaintiff's argument without merit.

4